IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIM ANTHONY POLONCZYK,      :

    Plaintiff,           :

vs.                         :   CIVIL ACTION 14-0362-WS-M

TOYOTA MOTOR CORPORATION,   :
*et al.*,
                            :
    Defendants.

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a Complaint together with a Motion to Proceed Without Prepayment of Fees ("Motion"). (Docs. 1, 2). Plaintiff's Motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1), which provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge. By filing this Motion, Plaintiff is requesting the Court to grant him *in forma pauperis* status under 28 U.S.C. § 1915. A plaintiff proceeding under this section submits his Complaint for screening under § 1915(e)(2)(B) to determine if the Complaint should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a person immune from such relief. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th

Cir. 2002) (affirming the application of 28 U.S.C. § 1915(e)(2)(B) to non-prisoner actions). In screening this action, the Court questioned whether it had subject matter jurisdiction over Plaintiff's action, and after reviewing the Complaint, the Court finds that it lacks subject matter jurisdiction over Plaintiff's action and recommends that the action be dismissed without prejudice.

I.  Subject Matter Jurisdiction.

The Court's first consideration is to inquire into its jurisdiction, *United States v. Denedo*, 556 U.S. 904, 909, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction is lacking. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410

2

(11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

II. <u>Complaint</u>. (Doc. 1) [1]

---

[1] In addition, to the present action, PACER (Public Access to Court Electronic Records) reflects that in the past Plaintiff has filed numerous other actions in several jurisdictions, to wit:

    1. *Polonczyk v. Marilyn Polonczyk Graham, et al.,* 1:01-cv-09911 (N.D. Ill. Jan 2, 2002)(dismissed for lack of subject matter jurisdiction)
    2. *Polonczyk v. Marilyn Graham,* 4:01-cv-00863-A-BE (N.D. Tex. Oct. 29, 2001) (dismissed for lack of subject matter jurisdiction over a child custody case).
    3. *Polonczyk v. City of Fort Worth,* 4:02-cv-00898-A (N.D. Tex. Nov. 7, 2002) (dismissed for failure to state a claim).
    4. *Polonczyk v. State of Texas, et al.,* 4:02-cv-00956-A (N.D. Tex. Nov. 26, 2002)(dismissed for lack of jurisdiction).
    5. *Polonczyk v. Marilyn Polonczyk, et al.,* 1:03-cv-00313 (N.D. Ill. Jan. 17, 2003) (dismissed for lack of subject matter jurisdiction over an appeal from a state appellate court), *dismissed and aff'd* (8th Cir. Mar. 31, 2003).
    6. *Polonczyk v. The City of Fort Worth, et al.,* 4:03-cv-0043-Y (N.D. Tex. Nov. 20, 2003) (dismissed with prejudice as being barred by *Heck v. Humphrey*).
    7. *Polonczyk v. City of Fort Worth, et al.,* 5:03-cv-00834-FB (W.D. Tex. Aug. 29, 2003) (transferred case for joinder with pending case in Fort Worth Division, Northern District of Texas).
    8. *Polonczyk v. City of Fort Worth, et al.,* 7:03-cv-00129-RAJ (W.D. Tex. Sept. 11, 2003) (transferred case for joinder with pending case in Fort Worth Division, Northern District of Texas).
    9. *Polonczyk v. City of Fort Worth, et al.,* 4:03-cv-01128-Y (N.D. Tex. Oct. 9, 2003) (dismissed action as duplicative and

3

warned plaintiff that he will be subject to sanctions should he file another action that is identical to an action in another district).

    10. *Polonczyk v. Marilyn Polonczyk, et al.,* 4:03-cv-04089-HFB (W.D. Ark. Oct. 3, 2003) (dismissed action as frivolous).

    11. *Polonczyk v. Marilyn Polonczyk, et al.,* 5:03-cv-01111-FB (W.D. Tex. May 14, 2004) (dismissed with prejudice for lack of jurisdiction and precluded plaintiff from filing a lawsuit in federal court arising from the Illinois state court proceeding), *dismissing appeal* (5th Cir. July 13, 2004).

    12. *Polonczyk v. State of Texas, et al.,* 7:03-cv-00171-RAJ (W.D. Tex. Dec. 15, 2003) (dismissed action with prejudice *sua sponte*).

    13. *Polonczyk v. City of Fort Worth, et al.,* 6:04-cv-00134-WSS (W.D. Tex. (transferred to Forth Worth Division, Northern District of Texas), *appeal dismissed* (5th Cir. Sept. 7, 2004).

    14. *Polonczyk v. City of Fort Worth, et al.,* 4:04-cv-00564-Y (N.D. Tex. Sept. 23, 2004)(dismissing action without prejudice for failure to pay the $150 filing fee after being denied IFP status for abusing the IFP privilege as a frequent filer).

    15. *Polonczyk v. State of Arkansas, et al.,* 1:08-cv-00284-LG-RHW (S.D. Miss. Sept. 9, 2008) (dismissed for lack of jurisdiction).

    16. *Polonczyk v. United States Social Security Disability,* 1:10-cv-00250-LG-RHW (S.D. Miss. Apr. 11, 2011) (dismissed without prejudice for lack of jurisdiction and recounted plaintiff's history with the Social Security Administration).

    17. *Polonczyk v. United States Social Security Disability, et al.,* 3:11-cv-00207-MCR-EMT (N.D. Fla. June 10, 2011) (dismissed action for improper venue).

    18. *Polonczyk v. Astrue, et al.,* 6:12-cv-03472-ODS (W.D. Mo. Feb. 20, 2013) (dismissed action for lack of subject matter jurisdiction), *aff'd, Polonczyk v. Colvin, et al.,* No. 13-1579 (8th Cir. July 17, 2013).

    19. *Polonczyk v. Equifax, et al.,* 6:13-cv-03013-GAF (W.D. Mo. Jul 17, 2013)(dismissed for failure to serve).

    20. *Polonczykk v. Mediacom LLC, et al.,* 6:13-cv-03214-GAF (W.D. Mo. October 28, 2013)(dismissed for plaintiff's failure to show cause).

    21. *Polonczyk v. Winn Dixie, Tillmans Corner, et al.,* 1:14-00074-WS-N (S.D. Ala. Apr. 4, 2014) (Plaintiff voluntarily dismissed his RICO and ADA complaint which was based on the failure to timely fill his prescribed medication for his disability).

In the present action, Plaintiff names as Defendants Toyota Motor Corporation, Torrance, California, USA; Springhill Toyota, Mobile, Alabama; Doug Sanders, Salesman; and Southeast Toyota Finance, Charlotte, North Carolina. (Doc. 1 at 1). And he identifies the jurisdictional grounds for his action as: "Federal Questions, Felony Conspiracy, Felony Extortion, Felony Fraud, Diversity of Citizenship, International Corporation, ADA violations, Felony Breach of contract, Felony Attempted Entrapment." (*Id.*).

The claims supporting these jurisdictional grounds arose on January 27, 2014, when "Defendant Doug Sanders of Defendant Springhill Toyota sold a 2013 Toyota Scion[,] manufactured by Defendant Toyota Motor Corporation[,] [to Plaintiff,] and they had it financed by Defendant Southeast Toyota Finance Corporation to the Plaintiff[;] [t]he Defendants will hereafter be referred to as the conspiracy." (*Id.*). Plaintiff asserts that "the conspiracy . . . refused on multiple occasions to provide a coupon book to the Plaintiff [so he could] peel off coupons to mail in his monthly payments[; instead] the

---

22. *Polonczyk v. Colvin, et al.*, 1:14-cv-00327-WS-M (S.D. Ala. Oct. 16, 2014) (dismissed for lack of subject matter jurisdiction).

5

Conspirators wanted to mail the Plaintiff his monthly statements prior to the Plaintiff mailing in his payments." (*Id.*).

Plaintiff alleges that when he purchased the vehicle, the "conspirators were advised of the plaintiff's disability and [the] arrival of his Social Security Disability check at the beginning of the month and that was the time the Plaintiff wanted his payment due." (*Id.* at 2). Plaintiff maintains that he said that "he would have to pay his bill at the beginning of the month because he would otherwise forget, [due to] his disability was from a brain hemorrhage which affected his memory." (*Id.*). Plaintiff further told them that "he could not leave it lay[ing] around because he would believe he sent it out[;] [h]e would have to mail it immediately." (*Id.*).

Every month Plaintiff asserts that he did this, but in July, when "he did not receive his statement[,] he made a copy of June['s] statement and mailed his payment with this copy." (*Id.*). "In August the Plaintiff received a statement with a balance stating he owed $770.95 because he paid his July bill on-time[;] [t]he statement said this was due immediately." (*Id.*).

For relief, Plaintiff wants an order banning Toyota from ever selling its cars or trucks in United States because they do not conform to the United States' laws prohibiting

6

discrimination against the disabled and/or protecting the disabled and senior citizens, confiscating its factories in the United States, prohibiting Toyota from doing business within the boundaries of the United States, requiring payment of Plaintiff's contract on the 2013 Scion and of his future medical expenses, and awarding Plaintiff $186,578,200 for the "damages caused by the trauma and the bullying by defendants[.]" (*Id.* at 2-3). Plaintiff states that he "will not recover from the permanent scars the defendants have inflicted on him and will now have to search for a new vehicle in fear of another similar occurrence."[2] (*Id.* at 3).

III. <u>Analysis</u>.

    A. <u>Felony Jurisdictional Grounds</u>.

Plaintiff identifies several jurisdictional bases as felonies, for example, felony conspiracy, felony extortion, felony fraud, felony breach of contract, and felony attempted entrapment. No statutes were specified when the felony jurisdictional grounds were mentioned. Nevertheless, a felony is defined as "[a] serious crime usu[ally] punishable by imprisonment for more than one year or by death." BLACK'S LAW DICTIONARY (9th ed. 2009). However, the decision to prosecute a

---

[2] This sentence is not clear to the Court.

crime "is within the United States Attorney's substantial discretion."  *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir.), *cert. denied*, 475 U.S. 1109 (1986).  And the Eleventh Circuit repeatedly has applied the long-standing principle that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."  *Otero v. United States Attorney Gen.,* 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see Weaver v. Mateer & Harbert, P.A.,* 523 F. App'x 565, 568 (11th Cir. 2013) (unpublished)[3] (noting that the Court has clearly held to this principle).  Accordingly, Plaintiff cannot rely on the various mentioned felonies for providing jurisdictional bases for his private civil action.

    B.   <u>Diversity of Citizenship Jurisdiction</u>.

The remaining bases for jurisdiction, as identified by Plaintiff, are: "Federal Questions, . . . Diversity of Citizenship, International Corporation, ADA violations[.]"

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

(Doc. 1 at 1). The Court notes that the jurisdictional basis identified as "international corporation" was not able to be ascertained.

Of the remaining jurisdictional grounds, Plaintiff identified the two most common bases for federal subject matter jurisdiction, diversity-of-citizenship jurisdiction and federal-question jurisdiction. With respect to diversity-of-citizenship jurisdiction, when Congress enacted 28 U.S.C. § 1332, it granted the federal district court "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Plaintiff indicates that two Defendants, Springhill Toyota and Doug Sanders, are citizens of Alabama, and he is a citizen of Alabama. (Doc. 1 at 1). Diversity-of-citizenship jurisdiction, however, is destroyed by the mere presence of one non-diverse defendant. *Wisconsin Dept. of Corrs. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998). Inasmuch as two Defendants are identified as being citizens of Alabama, and are thereby non-diverse from Plaintiff, the Court finds that it does not have diversity-of-citizenship jurisdiction over Plaintiff's action.

C. Federal Question Jurisdiction.

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk County School Bd.*, 129 F.3d 560, 566 (11th Cir. 1997). Under federal-question jurisdiction, district courts are given "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In general, a case 'arises under' federal law if federal law creates the cause action[.]" *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "Under the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank,* 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (quotation marks omitted and brackets in original). That is, a court is required to look at the complaint to determine based on the face of the complaint whether the complaint contains a claim arising under federal law. *Pacheco de Perez,* 139 F.3d at 1373. "[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

1. <u>Americans with Disabilities Act</u>.

Inasmuch as Plaintiff refers to no federal law or constitutional provision except for the ADA (Americans with Disabilities Act), the Court will treat Plaintiff's reference to the ADA as being the source of federal law that supports Plaintiff's assertion of federal-question jurisdiction. Plaintiff, however, did not specify under which provision of the ADA that he seeks relief. Title III of the ADA (42 U.S.C. §§ 12181-12189), which pertains to disability discrimination in public accommodations provided by private entities, appears to be appropriate, because Title I prohibits disability discrimination in employment and Title II prohibits disability discrimination in public services provided by governmental entities, both of which are inconsistent with Plaintiff's allegations. *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581, 589, 119 S.Ct. 2176, 2181-82, 144 L.Ed.2d 540 (1999).

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III, a plaintiff must

11

allege that (1) he is a person with a disability, (2) the defendant is a place of public accommodation, (3) the defendant denied him full and equal enjoyment of its goods, services, facilities, or privileges, and (4) the denial was based on his disability. *Schiavo ex rel Schindler v. Schiavo,* 403 F.3d 1289, 1299 (11th Cir. 2005). Moreover, under Title III, a private plaintiff, such as Plaintiff, is entitled to only injunctive relief. 42 U.S.C. § 12188(a); *Jairath v. Dyer,* 154 F.3d 1280, 1283 n.7 (11th Cir. 1998); *cf. Berkery v. Kaplan,* 518 F. App'x 813, 814 (11th Cir. 2013)(unpublished) (affirming the *sua sponte* dismissal of a Title III claim under ADA because no private cause of action for money damages exists).

2. Standing.

In the present action, the Court's focus is on the relief that is available to Plaintiff on his Title III claim, rather than determining whether the elements of a Title III claim were alleged. *Cf. Camreta v. Greene,* ___ U.S. ___, 131 S.Ct. 2020, 2031, 179 L.Ed.2d 1118 (2011) ("After all, a longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.")(citation and quotation marks omitted). More importantly, this manner of handling the Complaint is consistent the Court's overriding concern: whether it has subject matter

12

jurisdiction over the action. *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 975 (11th Cir.), *cert. denied,* 546 U.S. 872 (2005).

> Under Article III, § 2, of the Constitution, the federal courts have jurisdiction over . . . a "case" or "controversy." This is a "bedrock requirement." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). As we said in *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 37, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976): "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."
>
> One element of the case-or-controversy requirement is that appellees, based on their complaint, must establish that they have standing to sue. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2136–2137, 119 L.Ed.2d 351 (1992) (plaintiff bears burden of establishing standing). . . . To meet the standing requirements of Article III, "[a] plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (emphasis added). For our purposes, the italicized words in this quotation from *Allen* are the key ones. We have consistently stressed that a plaintiff's complaint must establish that he has a "personal stake" in the alleged dispute, and that the alleged injury suffered is particularized as to him. *See, e.g.,* . . . *Simon, supra,* at 39, 96

13

> S.Ct., at 1925 ("The necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement").

*Raines v. Byrd,* 521 U.S. 811, 818-19, 117 S.Ct. 2312, 2317, 138 L.Ed.2d 849 (1997).

In order to have standing to obtain injunctive relief, a plaintiff must demonstrate the following: "(1) an injury in fact that is concrete, particularized, and either actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that a favorable judicial decision will redress the injury." *McCullum v. Orlando Reg'l Healthcare Sys., Inc.,* ___ F.3d ___, 2014 WL 4942272, at *7 (11th Cir. 2014) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). "In addition, [b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury. . . . And we may not speculate concerning the existence of standing or piece together support for the plaintiff." *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001) (citations and quotation marks omitted). If an ADA plaintiff does not "allege[] facts giving rise to an inference that he will suffer future discrimination by the defendant," a plaintiff lacks

standing to seek injunctive relief.  *Id.*  That is, "'past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" *Wooden v. Board of Regents of Univ. Sys. of Ga.,* 247 F.3d 1262, 1284 (11th Cir. 2001)(quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)).

Turning to the relief requested by Plaintiff, he seeks damages of $186,578,200.00.  (Doc. 1 at 4).  Title III, however, does not provide for a damages recovery for a private plaintiff.  The other requests of paying for the full contract of the 2013 Scion and for Plaintiff's future medical expense are considered by the Court to be damages requests in that these requests can only be fulfilled by the payment of money.  That is, injunctive relief can only issue if the injury is considered irreparable; an injury is considered irreparable "'if it cannot be undone through monetary damages.'"  *Scott v. Roberts,* 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir. 1987)).  Because these requests would be satisfied by the payment of money, they are properly considered monetary damages, which are are not available to Plaintiff under Title III.

Plaintiff's remaining requests are to have Toyota banned from ever selling another Toyota car or truck in the United States, to confiscate all Toyota factories in the United States for the possession of the United States, and to prohibit Toyota Motor Corporation from conducting business within the United States. These requests are for injunctive relief.[4] In order to have standing to pursue these claims for injunctive relief, Plaintiff must show, *inter alia*, that he is subject to a "threatened harm [that] is real and immediate, not conjectural or hypothetical."

The present Complaint, however, contains no allegations of future threatened harm, much less a harm that is imminent, from any Defendant. Plaintiff's cryptic allegation that he "will now have to search for a new vehicle in fear of another similar occurrence" is the only reference to any future action, but the action described is action to be taken by him. Due to the

---

[4] The Court notes that these requests for injunctive relief are extremely expansive in light of the fact that Plaintiff is complaining about one contract to purchase one vehicle. A federal court is limited in fashioning a decree to relief that "directly address[es] and relate[s] to the . . . violation itself." *Milliken v. Bradley,* 433 U.S. 267, 282, 97 S.Ct. 2749, 2758 (1977). A decree "exceed[s] appropriate limits if [it is] aimed at eliminating a condition that [is not a violation] or does not flow from such a violation[.]" *Id.*

absence of allegations that Plaintiff will be subject to imminent future harm, Plaintiff is not entitled to injunctive relief. As a consequence, Plaintiff does not have standing to bring this action for injunctive relief. *See McCullum,* 2014 WL 4942272, at *8 (finding the plaintiff lacked standing because there was no real and immediate threat that the fourteen-year-old deaf mute would be hospitalized again at the hospitals and would experience the denial of benefits or discrimination); *Shotz,* 256 F.3d at 1082 (finding that the plaintiffs lacked standing to seek injunctive relief because they did not allege that they will be returning to the courthouse); *Berkery,* 518 F. App'x at 814 (affirming the *sua sponte* dismissal of the injunctive relief claim under the Title III of the ADA for lack of standing because the claim was based on past conduct); *Access for America, Inc. v. Associated Out-Door Clubs, Inc.,* 188 F. App'x 818, 818 (11th Cir. 2006) (unpublished) (affirmed the dismissal of a claim under Title III of the ADA for lack of standing because the plaintiff failed to demonstrate that he would be returning to the dog track with architectural barriers that interfered with his wheelchair).

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject

17

matter jurisdiction over Plaintiff's action. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (holding that the district court's dismissal should be without prejudice because the court lacked subject matter jurisdiction over the action).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 29th day of October, 2014.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE